FILED - USDC - NDTX - SA
APR 13 '26 AM 10:01

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

LUIS GUILLERMO AROCA ORTIZ,

    Petitioner,

v.                                                    No. 6:26-CV-036-H

MARKWAYNE MULLIN, et al.,[1]

    Respondents.

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Luis Guillermo Aroca Ortiz, a native and citizen of Venezuela, is one such alien, having illegally entered the United States several years ago. His habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

*Buenrostro-Mendez* forecloses Aroca Ortiz's statutory and APA claims. While that decision does not foreclose his due process claim, neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Aroca Ortiz are not entitled to bond, but they are permitted to remain in U.S.

---

[1] Markwayne Mullin replaced Kristi Noem as Secretary of Homeland Security on March 26, 2026. Thus, he is automatically substituted as a party to this action. *See* Fed. R. Civ. P. 25(d).

custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the legal arguments and facts presented in the petition are indistinguishable from those addressed in the Court's prior decisions denying relief, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). Therefore, the petition (Dkt. No. 1) is denied.

## 1.    Background

Aroca Ortiz illegally crossed into the United States at or near Eagle Pass, Texas in 2022. Dkt. No. 1-3 at 1. The following year, he was placed into removal proceedings following his arrest the Dallas area. Dkt. No. 1 at 1. The Notice to Appear charged Aroca Ortiz with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 1-3 at 1; *see* 8 U.S.C. § 1182(a)(6)(A)(i). At some point, it appears, he was released from custody. But ICE re-detained Aroca Ortiz in September 2025 after he was arrested for driving while under the influence in Dallas County. Dkt. No. 1 at

5.[2] He was placed in custody at the Eden Detention Center in Eden, Texas, where he remains in custody. *Id.* at 1.[3]

Aroca Ortiz is held without bond and neither requested nor received a bond hearing. *Id.* at 14. That is because the BIA's recent opinion in *Matter of Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).[4]

Instead, Aroca Ortiz filed a petition for a writ of habeas corpus in the Southern District of Texas in December 2025. Dkt. No. 1. That court issued an order to show cause. Dkt. No. 4. Because Aroca Ortiz was (and is) detained at the Eden Detention Center in Eden, Texas (*see* Dkt. No. 1 at 1), the respondents moved to dismiss the petition. Dkt. No. 7. In lieu of dismissal, Aroca Ortiz requested that his case instead be transferred to the San

---

[2] The petition asserts that Aroca Ortiz was served his NTA at this time. Dkt. No. 1 at 5. But the attached NTA, which bears his name and identification number, was issued in May 2023. *See* Dkt. No. 1-3 at 1.

[3] Venezuelan nationals in the United States were previously permitted to remain with Temporary Protected Status. The Northern District of California enjoined the Trump Administration's termination of TPS status for Venezuelan nationals, but the Supreme Court subsequently stayed the injunction. *Noem v. Nat'l TPS All.*, 146 S. Ct. 23 (2025). In January 2026, the Ninth Circuit affirmed the Northern District's decision. *See* 166 F.4th 739 (9th Cir. 2026). But because the Supreme Court's stay remains in place until the "disposition of a petition for a writ of certiorari, if such writ is timely sought," the stay remains in place. 146 S. Ct. at 24.

[4] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025). Moreover, in a March 31 order, a unanimous panel of the Ninth Circuit stayed the Central District's vacatur and class-certification orders pending appeal. *Maldonado Bautista v. EOIR*, No. 26-1044, Dkt. No. 17 (9th Cir. Mar. 31, 2026). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Aroca Ortiz's petition does not present an exhaustion problem. *Id.*

Angelo Division of the Northern District of Texas. Dkt. No. 9. The Southern District of Texas thus denied the motion to dismiss (Dkt. No. 7) and transferred the case to this Court in February 2026. Dkt. No. 10.

Aroca Ortiz's petition presents four claims for relief. First, he contends that his detention without bond violates the INA. Dkt. No. 1 at 9–10. Second, he contends that *Yajure Hurtado* constitutes unlawful agency action in violation of the APA. *Id.* at 12–14. Third—though not presented as a formal claim—his APA argument seeks relief in reliance on the Central District of California's class-action orders in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873 (C.D. Cal.). *Id.* at 14. Fourth, he argues that his detention without bond violates the Due Process Clause of the Fifth Amendment. *Id.* at 10–12.

While litigation was underway in this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

2.    **Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

3.    **Analysis**

As noted above, Aroca Ortiz raises claims arising under the INA and APA, as well as the *Maldonado Bautista* orders and the Due Process Clause. As explained below, *Buenrostro-Mendez* forecloses Aroca Ortiz's statutory and APA claims. Thus, the only claims left for consideration are Aroca Ortiz's *Maldonado Bautista* and Due Process Clause claims. The Court has previously considered the bindingness of *Maldonado Bautista*. *See Calderon Lopez*, 2025 WL 3683918, at *10–14. It has also considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[5] Even so, the

---

[5] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 2026 WL 81679; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

Court considers the arguments raised in Aroca Ortiz's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution. The answer is no.

### A.    *Buenrostro-Mendez* forecloses Aroca Ortiz's INA and APA claims.

Aroca Ortiz is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Petitioner is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, Aroca Ortiz's INA claim fails.[6]

Aroca Ortiz also challenges his detention as an unlawful agency action in violation of the APA. Dkt. No. 1 at 12–14. But because *Buenrostro-Mendez* determined that DHS has the correct view of the law, his APA claim necessarily fails, too.[7]

### B.    The *Maldonado Bautista* class action is not binding on this Court.

Next is Aroca Ortiz's contention that he is entitled to relief as a member of the *Maldonado Bautista* Bond Eligible Class. *Id.* at 14. But the Court is not required to resist Fifth Circuit precedent to adopt the Central District of California's analysis in the *Maldonado Bautista* class action. On March 31, 2026, the Ninth Circuit stayed *Maldonado*

---

[6] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.4.

[7] Furthermore, for the reasons explained in *Garibay-Robledo*, the availability of habeas relief precludes APA relief. 2026 WL 81679, at *10 (N.D. Tex. Jan. 9, 2026) (citing 5 U.S.C. § 704).

*Bautista* pending appeal. *See supra* n.4. At this time, there is no assertion that the Central District's orders can have preclusive effect on this Court. And even if the stay were lifted, the Court would deny Aroca Ortiz's claim for the reasons articulated in its prior decision in *Calderon Lopez*, 2025 WL 3683918, at *10–14.

> C.     The Due Process Clause does not require the government to give Aroca Ortiz a bond hearing.

Last is Aroca Ortiz's due process claim. Dkt. No. 1 at 10–12. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Petitioner's arguments. He contends that his detention violates both the substantive and procedural veins of due process. *Id.* at 11. But either way, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S.

510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process."  *Id.*  Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."  *Id.* at 528.  It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."  *Id.* at 526.  Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better.  As an "applicant for admission," Petitioner has "only those rights regarding admission that Congress has provided by statute."  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.").  With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission.  "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded."  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  No part of the statute "says anything whatsoever about bond hearings."  *Id.*  Accordingly, Aroca Ortiz is not entitled to a bond hearing as a matter of procedural due process.

### 4.    Conclusion

In short, Aroca Ortiz, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 498.  The Court is not

bound by the purported class action in *Maldonado Bautista*. And neither the Due Process Clause nor the APA requires a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.[8]

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on April 13, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[8] To the extent Aroca Ortiz seeks relief through a temporary restraining order (Dkt. No. 1 at 14–17), the motion is denied as moot.